IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| FANNIE MAE,<br>1100 15th St. NW<br>Washington, D.C. 20005<br><br>    Plaintiff<br><br>v.<br><br>SUNRISE HOMES OF TOWSON LIMITED PARTNERSHIP,<br>7925 York Road<br>Towson, Maryland 21204<br><br>Serve:   Susan Eckert<br>            Registered Agent<br>            7925 York Road<br>            Towson, Maryland 21204<br><br>    Defendant. | CIVIL ACTION NO. <u>22 Civ. 1918</u> |

## **COMPLAINT**

Fannie Mae files this Complaint against Sunrise Homes of Towson Limited Partnership.

### I.   **The Parties**

1.   Plaintiff Fannie Mae is a corporation organized and existing under the laws of the United States. Fannie Mae maintains its principal office in Washington, D.C., and is a citizen of the District of Columbia for purposes of jurisdiction and venue. 12 U.S.C. § 1717(a)(2)(B).

2.   Defendant Sunrise Homes of Towson Limited Partnership ("***Defendant***") is a Maryland limited partnership with its principal place of business at 7925 York Road, Towson, Maryland 21204. Defendant may be served through its registered agent for service of process: Susan Eckert, 7925 York Road, Towson, Maryland 21204.

## II. Diversity Jurisdiction

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the minimum jurisdictional limits of this Court and Plaintiff and Defendant are citizens of different states.

4. Plaintiff is deemed to be a citizen of the District of Columbia for purposes of jurisdiction.  12 U.S.C. § 1717(a)(2)(B).

5. Defendant SUNRISE HOMES OF TOWSON LIMITED PARTNERSHIP is a Maryland limited partnership with its principal place of business at 7925 York Road, Towson, Maryland 21204.  Defendant's general partner is Two Rivers Retirement Homes, Inc., a Maryland corporation with its principal place of business in Maryland.  Defendant's limited partners are Kristi L. Kendall, and Richard J. Kendall both Montana citizens; Gunnar Plake, a New Mexico citizen, and Sunrise Assisted Living Investments Inc., a Virginia corporation with its principal place of business in Virginia.  Upon information and belief Lyn C. Rivers, a limited partner, is not a citizen of Washington, D.C.

6. SUNRISE HOMES OF TOWSON LIMITED PARTNERSHIP is a citizen of Maryland for purposes of jurisdiction.

## III. Personal Jurisdiction and Venue

7. This Court has personal jurisdiction over Defendant because this lawsuit arises out of, and is connected with, the purposeful acts committed by Defendant in this District.  Specifically, and without limitation, Defendant owns a senior living facility in the District of Maryland located at 7925 York Road, Towson, Maryland 21204.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

### IV. Factual Background

9. On or about November 30, 2012, Defendant executed that certain Multifamily Note (the "***Note***"), payable to the order of Oak Grove Commercial Mortgage, LLC (the "***Original Lender***") in the original stated principal amount of $8,729,000.00 (the "***Loan***"). The Loan is further evidenced by that certain Multifamily Loan and Security Agreement between Defendant and Original Lender dated as of November 30, 2012 (the "***Loan Agreement***").

10. The Note is secured by, among other instruments, a Multifamily Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "***Deed of Trust***"), dated as of November 30, 2012, executed by Defendant for the benefit of Original Lender, and filed in the Baltimore County records as Doc. No. 032853325.

11. The Deed of Trust covers the real and personal property more particularly described therein and commonly known as The Maples of Towson and located at 7925 York Road, Towson, Maryland 21204 (as fully defined in the Deed of Trust, the "***Property***"). Defendant owns a licensed senior care facility on the Property (the "***Facility***"). The Facility is licensed by the Maryland Department of Health Office of Health Care Quality as an assisted living facility pursuant to License No. 03AL0861-H.

12. The Note and the Deed of Trust, and all other documents and instruments securing or evidencing the Loan are hereinafter collectively referred to as the "***Loan Documents***." Fannie Mae is the assignee of the Loan Documents by way of, without limitation that certain Assignment of Deed of Trust, Assignment of Leases and Rents, and Security Agreement and Fixture Filing dated November 30, 2012.

## V. The Defaults

13. On January 18, 2022, Defendant executed that certain Forbearance and Non-Waiver Agreement (the "***Forbearance Agreement***"). The Forbearance Agreement provided that Fannie Mae would continue to forebear from exercising its rights and remedies through March 31, 2022 (the "***Forbearance Expiration Date***"). Through a separate Forbearance and Non-Waiver Agreement (the "***Extension Agreement***") executed effective as of April 5, 2022, the Forbearance Expiration Date was extended through June 30, 2022.

14. In the Forbearance Agreement and Extension Agreement, Defendant expressly acknowledged that it was in default under the Loan Documents with Fannie Mae. Without limitation, the Loan and Note are delinquent for the payment due on July 1, 2022. Additionally, the Note has a maturity date of December 1, 2022. Defendant was required to make the July 2022 payment on or before the Forbearance Expiration Date, but failed to do so. Such failure constitutes an automatic "Event of Default" under Section 14.01(a)(1) of the Loan Agreement.

15. As a result of the Event of Default, Defendant's license to collect rents from the Property has automatically terminated pursuant to Section 3(c) of the Deed of Trust.

16. Fannie Mae has accelerated the Loan, and provided notice of such acceleration to Defendant on July 21, 2022. All amounts are now due under the Note, which is fully due and payable.

## VI. Remedies for Default – Defendant's Consent to Appointment of Receiver

17. Section 3 of the Deed of Trust provides that upon the occurrence of, and during the continuance of any Event of Default, (i) Fannie Mae may enter into or upon the Property or any part thereof to take possession of the Property, either personally or through its agents; (ii) the

Borrower's right to collect rents shall automatically terminate and Fannie Mae shall without notice be entitled to all rents as they become due and payable, including rents then due and unpaid; and (iii) Fannie Mae may apply for the appointment of a receiver for the Property.  Section 3(e) of the Deed of Trust further provides that upon the occurrence of, and during the continuance of any Event of Default, should Fannie Mae apply for the appointment of a receiver, Borrower expressly consents to the appointment of a receiver, including an appointment *ex parte*.

18. By separate application, Fannie Mae is seeking the appointment of a Receiver over the Property.

19. Section 5 of the Deed of Trust provides that upon the occurrence of, and during the continuance of, any Event of Default, Fannie Mae may (i) declare the unpaid debt to be immediately due and payable; and (ii) institute proceedings for the complete foreclosure of the mortgage or deed of trust.  Fannie Mae reserves the right to seek non-judicial foreclosure of the Property.

## VII.    Cause of Action for Breach of Contract Against Defendant

20. Fannie Mae incorporates by reference the allegations set forth in the preceding paragraphs as though they were set forth herein.

21. The Loan Documents constitute a binding contractual relationship between the parties.  Fannie Mae has performed all of its obligations under the Loan Documents.

22. Defendant's acts and omissions constitute breaches of the Loan Documents.

23. As a direct and proximate result of the Defendant's defaults, Fannie Mae has incurred and will incur actual damages in excess of the minimum jurisdictional limits of this Court for which Fannie Mae seeks recovery from Defendant.

24. All conditions precedent to Fannie Mae's recovery have been performed, have occurred, or have otherwise been waived.

## VIII. Attorneys' Fees

25. Fannie Mae incorporates by reference the allegations set forth in the preceding paragraphs as though they were set forth herein.

26. Pursuant to the Loan Documents, including without limitation Sections 3 and 5 of the Deed of Trust, Fannie Mae seeks recovery of its attorneys' fees and expenses expended to enforce its rights under the Loan Documents.

## IX. Prayer

Wherefore, Fannie Mae prays that Defendant be cited to appear and make answer herein and that Fannie Mae have a judgment against Defendant as follows:

1. That a receiver be appointed, as requested in Fannie Mae's contemporaneously filed Application for Appointment of Receiver; and

2. That upon final trial, Fannie Mae be awarded the actual damages incurred by Fannie Mae as a result of Defendant's defaults, prejudgment and postjudgment interest at the maximum lawful amount, expenses, including attorneys' fees incurred in enforcing Fannie Mae's contractual rights, costs of court and any such other and further relief, at law or in equity, to which Fannie Mae may show itself to be justly entitled.

Dated: August 2, 2022                              Respectfully submitted,

*/s/ Brent R. Gary*
Brent R. Gary (Md. Bar No. 18998)
Justin W. Angotti*
REED SMITH LLP
7900 Tysons One Place
Suite 500
McLean, VA  22102
Phone:  (703) 641-4200

Fax (703) 641-4340
bgary@reedsmith.com
jangotti@reedsmith.com

Keith M. Aurzada*
Texas Bar No. 24009880
Jay L. Krystinik*
Texas Bar No. 24041279
**REED SMITH LLP**
2850 N. Harwood St.
Suite 1500
Dallas, Texas 75201
Phone:  (469) 680.4200
Fax:  (469) 680.4299
kaurzada@reedsmith.com
jkrystinik@reedsmith.com

*Attorneys for Fannie Mae*
*\*pro hac vice application forthcoming*